# United States Court of Appeals
## For the First Circuit

No. 07-2138

ROBERTO LUGO-VELÁZQUEZ,

Plaintiff, Appellant,

v.

STIEFEL LABORATORIES, INC.;
STIEFEL LABORATORIES PUERTO RICO, INC.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Camille L. Vélez-Rivé, U.S. Magistrate Judge]

Before

Torruella and Lynch, Circuit Judges,
Keenan, Senior District Judge.[*]

Luis Vivaldi Oliver for appellant.
Roberto Feliberti with whom Arturo Díaz-Angueira and
Cancio, Nadal, Rivera & Díaz, P.S.C. were on brief for appellees.

April 4, 2008

---

[*]    Of the Southern District of New York, sitting by designation.

**LYNCH**, **Circuit Judge**.  Roberto Lugo-Velázquez was an employee of Stiefel Laboratories Puerto Rico, Inc. until his employment was terminated when that company substantially reduced its operations to one person in Puerto Rico in January 2003.  While employed, Lugo was a participant in an employee stock bonus plan of the parent company, Stiefel Laboratories, Inc.  He was not, however, a participant in the Stiefel Laboratories § 401(k) retirement plan; Puerto Rican residents, like Lugo, did not qualify to be participants because of federal tax rules.

After his employment was terminated, Lugo brought a number of claims in federal court in Puerto Rico against Stiefel Laboratories and Stiefel Laboratories Puerto Rico.  By order dated February 8, 2005, the district court assigned all further proceedings in the case to a magistrate judge.  Summary judgment was entered against Lugo on all claims in two successive rounds of summary judgment motions.  The motions resulted in two opinions and orders, dated July 31, 2006, and May 30, 2007.  The nature and disposition of most of the claims need not be described for purposes of this appeal.

The present appeal is from the dismissal of all of Lugo's ERISA claims in the second summary judgment order.  His appeal appears to present three major ERISA-related arguments: (1) under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), Lugo claims that he was denied disability benefits to which he was entitled; (2)

under ERISA § 502(a)(1)(A), (a)(3), and (c), 29 U.S.C. § 1132 (a)(1)(A), (a)(3), and (c), he claims that he was denied access to documents and descriptions relating to the disability plan and the employee stock bonus plan; and (3) he claims that Stiefel's improper plan administration and failure to provide certain benefits to him as a resident of Puerto Rico amounted to national origin discrimination in violation of Title VII. None of the arguments have merit.[1]

The first two claims are largely related. Lugo's brief, with commendable candor, admits that there is no evidence in the record that he met the eligibility requirements or applied for disability benefits. He nonetheless attempts to survive summary judgment by arguing he should be excused from producing evidence of application, eligibility, and denial because he claims he never received plan documents. As he puts it: "Plaintiff has not presented enough evidence to sustain it[s] disability claim because defendants . . . ha[ve] not provided it . . . ."

Even on its own terms, this house-of-cards type of argument fails. Lugo admits in his brief that he was given an

---

[1] Lugo also briefly makes the argument that his employment was terminated in retaliation for his "opposition to the improper administration and management of his benefits," in violation of ERISA § 510, 29 U.S.C. § 1140. As the magistrate judge pointed out, this argument is foreclosed by the court's determination in the first summary judgment motion that his employment was terminated because Stiefel substantially reduced its Puerto Rican operations.

"informative" brochure by the company containing plan provisions, which contained sufficiently specific information to allow him to calculate the amount of benefits to which he claims he is entitled. In response to Stiefel's argument that he was not entitled to disability benefits because he did not apply for short-term disability benefits under SINOT (a Puerto Rican government-sponsored insurance program), as the company required, Lugo acknowledges that this requirement existed but argues that he would not have been eligible for SINOT coverage. But whether Lugo would have qualified is beside the point. Stiefel required him to apply to SINOT because its short-term disability program was managed by SINOT, and qualifying under the short-term program was a prerequisite to qualifying for Stiefel's long-term disability program. Moreover, as the magistrate judge noted, Lugo did not request plan-related documents during discovery, nor did he file an affidavit under Fed. R. Civ. P. 56(f) that summary judgment should not enter because such documents had not been produced.[2]

Lugo further argues that the magistrate judge did not consider his disability benefits claim. That is true, but explained by the fact that the magistrate judge did not think that

_____

[2]    Similarly, to the extent that Lugo's claim that Stiefel did not furnish documents relates to the employee stock benefit plan in which he was participating, he relies on bald assertions that information was withheld and has provided no evidence to support his claim, including any evidence that he actually requested the information.

Lugo was making a claim for disability benefits.  Even reading ¶ 22 of his complaint as making such a claim, and putting aside the obscurity of the claim (if, indeed, the claim was not abandoned) at the summary judgment stage, it is still true that there is no evidence in the record supporting either his disability benefits claim[3] or his document request claim.  Summary judgment can be affirmed on any ground fairly demonstrated by the record.  T-Peg, Inc. v. Vt. Timber Works, Inc., 459 F.3d 97, 111 (1st Cir. 2006).

Lugo's final argument with respect to these two claims is that the defendants had waived any defense to these claims, and he filed nothing because he understood that the court had so held in its July 31, 2006 order.  The court held no such thing.  It merely noted that the defendants had not, in the first round of summary judgment filings, sought summary judgment on the ERISA-related claims.  That does not amount to a ruling by the court that defendants had waived any defenses.  Further, Lugo did not make this argument to the magistrate judge; if there has been any waiver of a claim, it is by Lugo.

---

[3]     The record does show Lugo had a degenerative back condition while employed at Stiefel, that accommodations were made by his employer, and that he performed his duties on the job.  On March 5, 2004, he sought Social Security benefits, stating that he was unable to work as of the date his employment with Stiefel terminated.  After benefits were denied, he appealed and asserted he was "totally disabled."  He later voluntarily dismissed the appeal.  The issue here is not whether he had a disability but whether he was improperly denied disability benefits.

We turn to Lugo's final claim, that he was discriminated against in violation of Title VII on the basis of his national origin because Stifel improperly administered its benefit plans and excluded him from participation in its § 401(k) plan. This claim is also without merit. First, since Lugo has not demonstrated that Stiefel improperly administered its benefit plans, such an argument of selective administration based on national origin cannot serve as the basis of a discrimination claim.

Additionally, Lugo has presented no argument calling into question the magistrate judge's conclusion that the provider of Stiefel's § 401(k) plan, Fidelity Investments, excluded employees residing in Puerto Rico from being plan participants for federal tax reasons. The magistrate judge noted that under a qualified § 401(k) plan, an employee contributes pre-tax income to the plan, thus deferring the employee's federal income tax payments. But residents of Puerto Rico with only local income do not pay federal income tax. See 26 U.S.C. § 933.

Even were we to assume that Lugo made out a prima facie case of national origin discrimination, it is his burden to establish that the explanation offered by Stiefel is mere pretext. Quiñones v. Buick, 436 F.3d 284, 289-90 (1st Cir. 2006). He has not met that burden. The decision not to define § 401(k) plan participants to include Puerto Rican residents is a rational distinction and does not constitute national origin discrimination.

The entry of summary judgment for defendants is affirmed. Costs are awarded to defendants.